UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20835-RAR

UNITED STATES OF AMERICA

v.

**MARIO ALBERTO MALESPIN**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court upon Defendant Mario Alberto Malespin's Motion for Compassionate Release Pursuant to the First Step Act Under 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 53]. On June 15, 2021, Defendant pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a). [ECF Nos. 28, 29]. On August 24, 2021, the Court sentenced Defendant to 96 months' imprisonment. [ECF No. 43] at 58. This Motion marks Defendant's third motion for sentence reduction, *see* [ECF Nos. 44, 50], as the Court denied the previous two such motions. *See* [ECF Nos. 46, 52]. Defendant now requests the Court "REDUCE his sentence to time-served and/or to a lesser sentence than 114-month imprisonment." Mot. at 16. The Court having carefully reviewed the Motion, the Government's Response in Opposition, [ECF No. 56], Defendant's Reply, [ECF No. 57], and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

## LEGAL STANDARD

Generally, "[a] 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." *United States v. Handlon*, 97 F.4th

829, 831 (11th Cir. 2024) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  Section 3582(c)(1)(A) of the United States Code—commonly referred to as the "compassionate release" provision—is one such statutory exception to the general rule.  *See Handlon*, 97 F.4th at 831 (citing *Giron*, 15 F.4th at 1345).  This statutory provision authorizes courts to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i).

In April 2023, the Sentencing Commission passed Amendment 814—effective November 1, 2023—which implemented a series of long-awaited updates to the § 1B1.13 Policy Statement, including (1) moving the list of circumstances that qualify as "extraordinary and compelling" from the Application Notes in § 1B1.13's Commentary to a standalone subsection placed within the main body of the § 1B1.13 Policy Statement; (2) expanding the list of "extraordinary and compelling reasons," which *inter alia*, (a) retitled the "Medical Circumstances" category and added various additional subcategories; (b) significantly expanded the "Family Circumstances" category by adding additional subcategories; (c) added a new "Victim of Abuse" category; (d) significantly expanded the "Other Reasons" category to preserve judicial discretion to decide compassionate release motions, whether BOP or defendant filed, provided that such other circumstances, "when considered by themselves or together with any of the reasons" listed in § 1B1.13 "are similar in gravity"; and (e) added an "Unusually Long Sentences" category. *Compare* U.S.S.G. § 1B1.13 (Nov. 2023)[1] *with* U.S.S.G. § 1B1.13 (Nov. 2018); *see also United States v. Prada*, No. 22-13059, 2024 WL 1298461, at *6–7 (11th Cir. Mar. 27, 2024) (per curiam).

Thus, as modified, the new § 1B1.13 identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment

---

[1] U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28, 254 (effective Nov. 1, 2023).

under § 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13(b)(1)–(6) (Nov. 2023); *see also Prada*, 2024 WL 1298461, at *6–7. And before granting such motions, § 1B1.13 also requires courts to determine that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2) (Nov. 2023); *see also Handlon*, 97 F.4th at 832.

But even if one or some combination of the extraordinary and compelling reasons listed above is present, the Court must still determine that a sentence reduction remains consistent with "the factors set forth in [§] 3553(a) to the extent that they are applicable" before a sentence reduction is proper. *See Handlon*, 97 F.4th at 832; *see also* 18 U.S.C. § 3582(c)(1)(A). Thus, under § 3582(c)(1)(A)(i), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in § 1B1.13. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also Handlon*, 97 F.4th at 832. If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *See Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order.").

## ANALYSIS

### I. Defendant Has Failed to Demonstrate Extraordinary and Compelling Reasons

As an initial matter, the Government does not argue that Defendant failed to exhaust his administrative remedies before filing the instant Motion, *see* Resp. at 2 n.1, so the Court may directly proceed to evaluate Defendant's motion on the merits. And on the merits, Defendant fails

to establish extraordinary and compelling reasons warranting a sentence reduction as required by § 3582(c)(1)(A).

Defendant asserts that he is entitled to a sentence reduction because of a "COMBINATION of three circumstances that present 'extraordinary and compelling reasons' under the Amended Changes made by the First Step Act of 2018 to 18 U.S.C. § 3582(c)(1)(A)." Mot. at 3. Those three circumstances are: 1) Defendant's youthfulness at the time of prior offenses based on Amendment 829; 2) erroneous MDMA drug table calculation imposed at sentencing; and 3) rehabilitation of the Defendant. Mot. at 3–4. First, Defendant essentially takes issue with how his criminal history points were calculated in his pre-sentence report and asserts that no prior conviction from before Defendant reached his mid-20s should have counted. *See* Mot. at 5–7. In support of this argument, Defendant points to Amendment 829, which allows for downward departures based on a defendant's youthfulness at the time of the offense based on how the brain develops. *Id.* Defendant states that "this Amendment would have benefitted Defendant during his sentencing hearing under the instant case." Mot. at 7.

Second, Defendant challenges his underlying sentence by arguing that an erroneous drug table calculation during his initial sentencing constitutes "Other Reasons" under § 1B1.13(b)(5) sufficient to warrant a sentence reduction. *Id.* Defendant asserts that he "would have no doubt received a LESSER SENTENCE" if the quantity of drugs had been calculated using the correct ratio. Mot. at 9.

Third, Defendant states that he has "NOT wasted his time in prison," and is "much more stable at the age of 42-years-old and is now less likely to recidivate generally due to his age and the rehabilitation he has obtained." Mot. at 10. Defendant maintains it is the combination of these three reasons that warrant a sentence reduction under § 1B1.13.

Meanwhile, the Government replies that Defendant's combination argument is one that "can only qualify as 'other reasons'" under § 1B1.13(b)(5). Resp. at 2. Specifically, the Government maintains that Defendant's age at the time of his prior offenses does not warrant reduction, that there was no erroneous drug calculation, and that Defendant's rehabilitative efforts do not warrant reduction, especially where he has committed violations during his incarceration. Resp. at 2–5.

In reply to the Government, Defendant relies on § 1B1.13(c) to argue that changes in law "MAY BE CONSIDERED" in determining sentence reductions. Reply at 2. Defendant then reiterates his argument that a combination of three factors warrant a sentence reduction because Amendment 829 is a change in sentence law/policy. Reply at 2–3. Defendant maintains he is not attacking the underlying sentence; he is "simply raising the fact that" his sentence would "NO doubt been lesser" if the Pre-Sentence Officer had used the correct conversion table. Reply at 3–4. Finally, Defendant avers that his post-sentencing conduct should be considered because it provides "the most up-to-date picture of him and NOT how he appeared at the time of the initial sentence," relying on the proposition that "[w]hen a defendant appears for Sentencing, the sentencing court considers the defendant ON THAT DAY, NOT on the date of his offense or the date of his conviction." Reply at 4 (citing *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) (emphasis and alterations by Defendant)).

   a. **Defendant's Age**

The Court begins with Defendant's argument about his young age at the time of his prior offenses. This argument can be interpreted two ways: first, that Amendment 829 is a change in law that may be considered, and second, that his youthfulness at the time of his prior offenses should lessen their weight in determining Defendant's sentence. Mot. at 5–7.

As to the first, Amendment 829 cannot be considered as part of a sentence reduction. In his argument, Defendant fails to heed the entire text of § 1B1.13(c). Section 1B1.13(c)—titled Limitation on Changes in Law—states that:

> *Except as provided in subsection (b)(6)*, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) *shall not be considered* for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant *otherwise* establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

§ 1B1.13(c) (emphasis added). Defendant relies on the second half of § 1B1.13(c) to argue that a change in the law may be considered, but that portion of the text only applies "if a defendant *otherwise* establishes that extraordinary and compelling reasons warrant a sentence reduction." § 1B1.13(c) (emphasis added). Defendant would need to *otherwise* establish that extraordinary and compelling reasons apply before Amendment 829 could be considered. The first half of Subsection (c), which is operative in Defendant's case where he has not otherwise established extraordinary and compelling reasons, states that changes in law "shall not be considered." § 1B1.13(c). Consequently, Subsection (c) provides no pathway for this Court to consider Amendment 829 as it applies to Defendant.

Subsection (c) provides an exception, but the exception similarly does not allow Amendment 829 to be considered in Defendant's case. Subsection (c) provides for an exception based on Subsection (b)(6), titled Unusually Long Sentence, which provides that "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason." § 1B1.13(b)(6). Moreover, Subsection (b)(6) only applies if the defendant "has served at least 10 years of the term of imprisonment" and "only where such change would produce a gross

disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." § 1B1.13(b)(6).

Subsection (b)(6) does not apply to Defendant in this case for two reasons. First, he has not served 10 years, and second, because "Amendment 829 is not retroactive," it cannot be considered. *United States v. Jeanville*, No. 21-20126-CR, 2025 WL 92376, at *2 (S.D. Fla. Jan. 14, 2025) (citing *United States v. John*, No.21-CR-134 (DLC), 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024)); *see also United States v. Richards*, No. 1:22-CR-574, 2025 WL 606790, at *3 (N.D. Ohio Feb. 25, 2025) ("[T]he Court cannot consider Amendment 829, or any potential sentencing disparities that might arise from that non-retroactive amendment, as extraordinary and compelling reasons for relief."); *Graham v. United States*, No. 7:19-CR-126-FL-1, 2025 WL 89094, at *5 (E.D.N.C. Jan. 14, 2025) (Amendment 829 "does not permit post-conviction reduction in defendant's sentence").

Accordingly, "'[b]ecause [a] Court cannot consider Amendment 829—or USSG § 5H1.1—when it determines whether 'extraordinary and compelling' reasons for relief exist,' a Defendant must 'show that his youthfulness was an extraordinary and compelling factor equal in gravity to the grounds set forth in U.S.S.G. § 1B1.13(b)(1)–(4).'" *United States v. Jack*, No. CR 09-2626-WJ, 2025 WL 457952, at *2 (D.N.M. Feb. 11, 2025). This is the second way that Defendant's argument can be read, but it provides no more relief than the first reading because Defendant's youthfulness is not a factor equal in gravity to the grounds set forth in § 1B1.13(b)(1)–(4).

As a starting point, it seems that Defendant knows his youthfulness is not equal in gravity to any grounds detailed in § 1B1.13(b)(1)–(4) since he maintains that only a *combination* of three factors under § 1B1.13(b)(5) warrant a sentence reduction and never tries to argue otherwise. The

§ 1B1.13(b)(1)–(4) grounds are: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; and (4) Victim of Abuse. All these circumstances contemplate post-incarceration circumstances, *see generally* § 1B1.13(b)(1)–(4), whereas Defendant's youthfulness was a factor, as he argues it, nearly two decades before his sentencing.

Defendant contests the criminal history points that come from two prior offenses that occurred before Defendant turned 25, when he was 18 and 21 years old respectively. Mot. at 6–7. But Defendant's criminal history did not pause from age 21 to when he was sentenced at 39—he continued to offend over the course of those 18 years. *See generally* PSI. And the offense for which he is currently incarcerated occurred while he was on supervised release for a prior offense. PSI ¶ 42. Thus, the impact of two youthful incidents among a continuous and consistent criminal history cannot equal in gravity the factors listed in § 1B1.13(b)(1)–(4). In other words, a defendant's "youthfulness" is not extraordinary or compelling where the earlier crimes are "part and parcel of [defendant's] history." *United States v. Parrot*, No. 21-CR-691 (RMB), 2025 WL 995398, at *3 (S.D.N.Y. Apr. 3, 2025). Here, those youthful incidents are part and parcel of Defendant's history, and as such, cannot be extraordinary and compelling.

Accordingly, for a multitude of reasons, neither Defendant's youthfulness nor Amendment 829 warrant a sentence reduction.

### b. Defendant's Calculated Drug Quantity

Next, the Court addresses Defendant's argument that he would have received a lesser sentence had the correct drug conversion table been used. As an initial matter, the Court primarily views this argument as an attack on Defendant's underlying sentence, which makes it an inapt argument for compassionate release under § 3582(c)(1). *See United States v. Cuartas Villegas*,

No. 21 CR. 99-1 (KPF), 2024 WL 3535749, at *3 (S.D.N.Y. July 25, 2024) (noting that, in the case of an alleged drug table miscalculation, "it was not clear to the Court that a failure to calculate the Guidelines correctly . . . would suffice as an 'extraordinary and compelling reason' under § 3582(c)(1)(A)(i)"). And a motion for compassionate release is not the correct vehicle for attacking an underlying sentence; "the proper method is in collateral attack under 28 U.S.C. § 2255." *United States v. Cole*, 417 F. App'x 922, 923 (11th Cir. 2011). As the Government asserts, in a footnote: "Although the catch-all provision of § 1B1.13(b)(5) has some latitude, it cannot be stretched so far as to include arguments that are only properly reviewed on appeal or under 28 U.S.C. § 2255." Resp. at 3 n.2.

On this point, the Court agrees. Because "[c]ollateral attacks *must* be brought under 28 U.S.C. § 2255," Defendant's arguments attacking his underlying conviction are misplaced in a request for compassionate relief. *United States v. Valme*, 829 F. App'x 950, 951 (11th Cir. 2020) (emphasis added). Other courts have reached the same conclusion regarding challenges to drug weight calculations. As one district court explained: "[Defendant] next makes a passing argument with respect to the drug weight used to calculate his sentence. He did not object to that weight at sentencing, nor did he appeal the issue or raise it in a Section 2255 motion where such arguments generally must be raised." *United States v. Owens*, No. 2:19-CR-12, 2024 WL 1841032, at *2 (W.D. Mich. Apr. 29, 2024). Section 2255 motions are where arguments such as Defendant's drug conversion argument should generally be made.

Moreover, the Court fails to see how this argument is not a direct attack on Defendant's underlying sentence—especially given that Defendant objected to the calculation at sentencing and discussion about the conversion issue constituted the bulk of the sentencing hearing. *See generally* Sent'g Tr., [ECF No. 43]. At the hearing, Defendant agreed with the Court that the objection was

"really a motion for variance, not a calculation" motion given that "the actual math would not change; it would still be the same offense level." Sent'g Tr. at 16–17. Defendant informed the Court that if the argument about drug conversion was accepted, the guidelines range would be 77 to 96 months. Sent'g Tr. at 32. Not only was the issue discussed extensively, *see* Sent'g Tr. at 5–40, the Court considered the issue as a variance, though it ultimately did not grant a variance on said grounds. Sent'g Tr. at 56.

Accordingly, the Court does not find that the alleged erroneous drug conversion warrants a sentence reduction because the issue was raised and considered at Defendant's sentencing and because such direct attacks on the underlying sentence are properly raised in a § 2255 motion.

### c. Defendant's Post-Conviction Rehabilitation

Because the Court finds that Defendant's youthfulness and allegedly erroneous drug conversion cannot constitute extraordinary and compelling reasons sufficient to warrant a sentence reduction—either alone or in combination—only Defendant's rehabilitation remains. Mot. at 9–14. And although Defendant's rehabilitative efforts are laudable, those efforts alone do not—and cannot—warrant a sentence reduction. *See United States v. Miller*, 646 F. App'x 741, 745 (11th Cir. 2016) ("While the district court was permitted to consider post-sentencing conduct, it was not required to do so."). Though "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." § 1B1.13(d). Even when a Defendant is a "model inmate," rehabilitation alone cannot constitute extraordinary and compelling reasons sufficient to warrant a sentence reduction. *See United States v. Chineag*, No. 01-00607, 2025 WL 482342, at *21 (S.D. Fla. Feb. 6, 2025) (denying

compassionate release where "[n]one of [Defendant's] proffered reasons can provide a basis for relief in combination" even when Defendant "would clearly qualify for relief," if "rehabilitation alone were sufficient").

Because none of Defendant's three reasons—alone or in combination—clear the threshold for "extraordinary and compelling" reasons, the Court finds a sentence reduction is not warranted.

## II. The § 3553(a) Factors Do Not Support Sentence Reduction Here

Finally, the Court finds that the § 3553(a) factors militate against further reduction of Defendant's sentence. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

At sentencing, the Court emphasized that the sentence imposed "mirror[ed] the severity of the crime." Sent'g Tr. at 60. But the focus was on Defendant's extensive criminal history, which began when he was a teenager and progressed consistently until Defendant committed the offense for which he is currently incarcerated—at age 39—while on supervised released for a prior offense. PSI ¶ 42. In imposing the 96-month sentence, the Court noted that "the history and characteristics of the defendant override the nature and circumstances of the offense so strongly, in that we have

a significant criminal history category of 6, and we have someone who offended and re-offended while coming off another federal sentence." Sent'g Tr. at 57–58. Specifically, in varying downward, the Court noted that all parties advocated a below-guideline sentence as appropriate given Defendant's drug dependency and mental illness. Sent'g Tr. at 60. Overall, the Court found that the sentence "show[ed] that desire for general deterrence, for specific deterrence . . . protect[ed] the public from future crimes, and . . . promote[d] rehabilitation." Sent'g Tr. at 58. There have been no changes to the relevant factors in the interim. *See United States v. Boykin*, 839 F. App'x 432, 435 (11th Cir. 2021) (affirming a district court's denial of a compassionate release motion where the district court believed "the sentence was still appropriate based on the § 3553(a) factors it had relied on at [the] original sentencing").

In sum, after considering the relevant § 3553(a) factors, the Court finds that a sentence of 96 months appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate specific and general deterrence to serious criminal conduct of this nature.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 53], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 11th day of April, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**